IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CARLOS ANTONIO ZAVALA                                                    PETITIONER

v.                                                 CIVIL ACTION NO. 5:19-cv-115-DCB-MTP

SHAWN R. GILLIS                                                          RESPONDENT

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Petitioner Carlos Antonio Zavala's Petition for

Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241.  Having considered the parties'

submissions and the applicable law, the undersigned recommends that the Petition [1] be

DENIED.

## BACKGROUND

On December 3, 2017, United States Border Patrol agents arrested Petitioner. *See* [9-1] at

1.  On July 11, 2018, in the United States District Court for the District of Arizona, Petitioner

was convicted of possession with intent to distribute marijuana and sentenced to serve twelve

months in the custody of the Bureau of Prisons. *See* [9-2].  On October 17, 2018, Petitioner was

taken into Immigration and Customs Enforcement ("ICE") custody. *See* [9-1] at 1; [9-3] at 4.  On

April 29, 2019, following removal proceedings, an Immigration Judge issued a final order

directing that Petitioner be removed from the United States to Nicaragua. *See* [9-1] at 2; [9-3] at

5.

On November 4, 2019, Petitioner filed the instant Petition arguing that his extended

detention in ICE custody is unlawful.  Petitioner seeks release from immigration custody.  On

December 11, 2019, Respondent filed a Response [9] arguing that the Petition should be denied.

On February 20, 2020, Petitioner filed a Reply [11] in support of his Petition.

## ANALYSIS

The controlling statute in this case, 8 U.S.C. § 1231(a)(1)(A), provides that the Attorney General has ninety days after an order of removal becomes final to deport the alien. The Supreme Court has held that detention of aliens beyond this ninety-day period is acceptable up to six months. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). This, however, does not mean that every alien not removed after six months must be released. "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing." *Id.* "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Petitioner argues that it is unlikely that he will be deported in the reasonably foreseeable future. He asserts that despite multiple requests, ICE has been unable to obtain his travel documents. Respondent, however, argues that Petitioner's removal is likely in the reasonably foreseeable future. Respondent submits, *inter alia*, a Declaration by an ICE deportation officer, Kevin Arline, and an ICE "Decision to Continue Detention."

The record shows that, at the time of Petitioner's arrest, he claimed to be a citizen of Honduras. *See* [9-1] at 1; [9-3] at 4. Thereafter, ICE scheduled Petitioner an interview with the Honduran Consulate. After the interview on November 30, 2018, the Honduran Consulate informed ICE that Petitioner was not a Honduran national and had admitted being a Nicaraguan national. [9-1] at 2; [9-3] at 4. As previously mentioned, on April 29, 2019, an Immigration Judge ordered Petitioner removed for the United States to Nicaragua. *See* [9-1] at 2; [9-3] at 5.

ICE scheduled Petitioner an interview with the Nicaraguan Consulate which took place on May 10, 2019. *See* [9-1] at 2; [9-3] at 5. On July 8, 2019, ICE requested an update

2

concerning Petitioner's travel documents, and the Nicaraguan Consulate informed ICE that travel documents had not yet been issued due to confusion concerning Petitioner's real name, as he had previously used an alias. *See* [9-1] at 2; [9-3] at 5. ICE again contacted the Nicaraguan Consulate on November 13, 2019 and was informed that the issuance of travel documents was pending and the Consulate was still attempting to verify Petitioner's identity. *See* [9-1] at 2. According to Arline, the Removal and International Operations division of ICE has advised that the Nicaraguan government regularly issues travel documents for the purpose of removal and that removals to Nicaragua are routine. *See* [9-1] at 2.

In his Reply [11], Petitioner points out that he has been in ICE custody since October 17, 2018 and was order removed on April 29, 2019. The United States Court of Appeals for the Fifth Circuit, however, has reiterated that *Zadvydas* "creates no specific limits on detention" and "'an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (quoting *Zadvydas*, 533 U.S. at 701).

Petitioner also argues that it is not his burden to prove that travel documents will not be issued. Petitioner, however, "bears the initial burden of proof showing that" there is no significant likelihood of removal in the reasonably foreseeable future. *Id*. Outside of conclusory assertions, Petitioner has not produced any evidence demonstrating that Nicaragua will not issue travel documents for him. Unlike in *Zadvydas*, where there were no countries willing to accept the petitioners, the instant record demonstrates that Nicaragua has indicated that a request for travel documents is pending and that the delay is the result of Petitioner's use of an alias. The record also demonstrates that the Government has taken affirmative steps to obtain travel documents. Thus, the record does not establish that there is no significant likelihood of removal

in the reasonably foreseeable future. *See Ropati v. Lynch*, 2017 WL 5560656, at *2 (W.D. La. Apr. 18, 2017); *Thanh v. Johnson*, 2016 WL 5171779, at *4 (W.D. Tex Mar. 11, 2016); *Issa v. Pimentel*, 2010 WL 2228533, *2 (N.D. Tex. 2010); *Alzubi v. Tryon*, 2015 WL 860792, at *9 (W.D.N.Y. Feb. 27, 2015) ("petitioner's assertion as to the unforeseeability of removal, supported only by the mere passage of time, [is] insufficient to meet the petitioner's initial burden to demonstrate no significant likelihood of removal").

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the relief sought in the Petition for Writ of Habeas Corpus [1] be DENIED and that this action be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 8th day of April, 2020.

s/ Michael T. Parker
United States Magistrate Judge