IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CARLOS ANTONIO ZAVALA**                                                           **PETITIONER**

**VS.**                                            **CIVIL ACTION NO. 5:19-cv-115-DCB-MTP**

**WARDEN SHAWN R. GILLIS**                                                           **RESPONDENT**

### ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner Carlos Antonio Zavala's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 **(docket entry 1)**. United States Magistrate Judge Michael T. Parker recommends that the Petition be DENIED.

Petitioner Carlos Antonio Zavala was arrested by United States Border Patrol Agents on December 3, 2017. Petitioner was convicted of possession with intent to distribute marijuana and sentenced to serve twelve months in the custody of the Bureau of Prisons. On October 17, 2018, he was taken into Immigration and Customs Enforcement ("ICE") custody. On April 29, 2019, following removal proceedings, an Immigration Judge issued a Final Order directing that Petitioner be removed from the United States to Nicaragua. On November 4, 2019, Petitioner filed his instant Petition **(docket entry 1)** arguing that his extended detention in

1

ICE is unlawful. Petitioner seeks release from immigration custody.

On December 11, 2019, Respondent Warden Shawn R. Gillis filed a Response **(docket entry 9)** arguing that the Petition should be denied. On February 20, 2020, the Petitioner filed a Reply **(docket entry 11)** in support of his Petition.

The controlling statute in this case, 8 U.S.C. § 1231(a)(1)(A), provides that the Attorney General has ninety days after an order of removal becomes final to deport the alien. The Supreme Court has held that detention of aliens beyond this ninety-day period is acceptable up to six months. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001). This, however, does not mean that every alien not removed after six months must be released. "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing." Id. "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

The Petitioner argues that it is unlikely that he will be deported in the reasonably foreseeable future. He asserts that despite multiple requests, ICE has been unable to obtain his travel

2

documents.  The Respondent, however, argues that Petitioner's removal is likely in the reasonably foreseeable future.  Respondent submits, <u>inter</u> <u>alia</u>, a Declaration by an ICE deportation officer, Kevin Arline, and an ICE "Decision to Continue Detention."

The record shows that, at the time of Petitioner's arrest, he claimed to be a citizen of Honduras.  **(docket entry 9)**.  Thereafter, ICE scheduled Petitioner an interview with the Honduran Consulate.  After the interview on November 30, 2018, the Honduran Consolate informed ICE that Petitioner was not a Honduran national and had admitted being a Nicaraguan national.  **(docket entry 9)**.  As previously mentioned, on April 29, 2019, an Immigration Judge ordered Petitioner removed from the United States to Nicaragua.  **(docket entry 9)**.

ICE scheduled the Petitioner an interview with the Nicaraguan Consolate which took place on May 10, 2019.  **(docket entry 9)**.  On July 8, 2019, ICE requested an update concerning Petitioner's travel documents, and the Nicaraguan Consulate informed ICE that travel documents had not yet been issued due to confusion concerning Petitioner's real name, as he had previously used an alias.  **(docket entry 9)**.  ICE again contacted the Nicaraguan Consulate on November 13, 2019, and was informed that the issuance of travel documents was pending and the Consulate was still attempting to verify Petitioner's identity.  **(docket entry 9)**.

3

According to ICE Deportation Officer Arline, the Removal and International Operations division of ICE has advised that the Nicaraguan government regularly issues travel documents for the purpose of removal and that removals to Nicaragua are routine.

In his Reply, Petitioner points out that he has been in ICE custody since October 17, 2018, and was ordered removed on April 29, 2019. The United States Court of Appeals for the Fifth Circuit, however, has reiterated that Zadvydas "creates no specific limits on detention" and "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2006)(quoting Zadvydas, 533 U.S. at 701).

Petitioner also argues that it is not his burden to prove that travel documents will not be issued. Petitioner, however, "bears the initial burden of proof showing that" there is no significant likelihood of removal in the reasonably foreseeable future. Id. Outside of conclusory assertions, Petitioner has not produced any evidence demonstrating that Nicaragua will not issue travel documents for him. Unlike in Zadvydas, where there were no countries willing to accept the petitioners, the instant record demonstrates that Nicaragua has indicated that a request for travel documents is pending and that the delay is the result of

4

Petitioner's use of an alias.  The record also demonstrates that the Government has taken affirmative steps to obtain travel documents.  Thus, the record does not establish that there is no significant likelihood of removal in the reasonably foreseeable future.  See Ropati v. Lynch, 2017 WL 5560656, at *2 (W.D. La. Apr. 18, 2017); Thanh v. Johnson, 2016 WL 5171779, at *4 (W.D. Tex Mar. 11, 2016); Issa v. Pimentel, 2010 WL 2228533, at *2 (N.D. Tex. 2010); Alzubi v. Tryon, 2015 WL 860792, at *9 (W.D.N.Y. Feb. 27, 2015)("petitioner's assertion as to the unforeseeability of removal, supported only by the mere passage of time, [is] insufficient to meet the petitioner's initial burden to demonstrate no significant likelihood of removal").

Magistrate Judge Parker recommends that the relief sought in Petitioner's Petition for Writ of Habeas Corpus be DENIED, and that this action be DISMISSED with prejudice.

The Petitioner failed to file written objections to the Magistrate Judge's Report and Recommendation within 14 days from entry of the Report and Recommendation.

Furthermore, the Court finds that Zavala's Motion to Expedite his Adjudication of the Writ of Habeas Corpus **(docket entry 10)** is MOOT.

5

The Court agrees with Magistrate Judge Parker, and adopts his Report and Recommendation.  A Final Judgment dismissing this action with prejudice shall follow.

SO ORDERED, this the 12th day of June, 2020.

David C. Bramlette_____

UNITED STATES DISTRICT JUDGE